**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12007

Non-Argument Calendar

_____

ROSMERI ADALUZ MIRANDA-LOPEZ,

*Petitioner-Appellant,*

*versus*

ICE ORLANDO FIELD OFFICER DIRECTOR,

*Respondent-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:25-cv-01015-CEM-LHP

_____

Before WILLIAM PRYOR, Chief Judge, and ABUDU and ANDERSON,
Circuit Judges.

PER CURIAM:

Rosmeri Miranda-Lopez appeals the dismissal of her petition
for a writ of habeas corpus for lack of subject-matter jurisdiction.

28 U.S.C. § 2241. Miranda-Lopez's petition alleged that the execution of her removal order violated her right to substantive due process. Because the petition challenges the decision to execute a removal order, the district court concluded it lacked subject-matter jurisdiction. *See* 8 U.S.C. § 1252(g). We affirm.

Miranda-Lopez was subject to an order of supervision. After her husband applied on their behalf for a U-Visa, a category of visa that grants deferred action to victims of certain crimes and their spouses, Miranda-Lopez received a bona fide determination notice from United States Citizenship and Immigration Services. After that notice, she applied for employment authorization because she thought that the process granted her deferred-action status and the right to remain in the United States.

While Miranda-Lopez's employment application was pending, the government moved to execute a removal order. It placed her on ankle-monitor surveillance and ordered her to surrender for deportation. Miranda-Lopez filed a petition for a writ of habeas corpus and an emergency motion to stay her removal. 28 U.S.C. § 2241. She argued that the decision to "accelerate" her removal violated her right to substantive due process because her bona fide determination notice entitled her to remain in the country. She asked the district court to release her from custody and to prohibit her removal.

The district court dismissed the petition for lack of subject-matter jurisdiction. It concluded that the petition fell "squarely" within the jurisdictional bar of section 1252(g) because

Maria-Lopez was challenging the decision to execute a removal order. *See* 8 U.S.C. § 1252(g).

We review *de novo* an order dismissing a noncitizen's petition for a writ of habeas corpus for lack of subject-matter jurisdiction. *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1271 (11th Cir. 2021).

Federal law strips federal courts of jurisdiction to hear any claim "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). This "discretion-protecting" provision prevents the "'deconstruction, fragmentation, and hence prolongation of removal proceedings.'" *Camarena*, 988 F.3d at 1272 (quoting *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999)).

Section 1252(g) is not a "shorthand way of referring to all claims arising from deportation proceedings." *American-Arab Anti-Discrimination Comm.*, 525 U.S. at 482. It applies only to the "three discrete actions" listed in the statute and does not "sweep in any claim that can technically be said to arise from [them]." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (citations and internal quotation marks omitted). For the bar to apply, one of the three listed actions must be the "basis of the claim." *Camarena*, 988 F.3d at 1272 (citation and internal quotation marks omitted).

The district court lacked subject-matter jurisdiction because Miranda-Lopez's petition challenges the decision to execute a removal order. The petition specifically requested that the district

court stay her deportation and release her from custody. Because these requests arise from the execution of a removal order, they fall squarely within the jurisdictional bar of section 1252(g). *Id.*

Miranda-Lopez attempts to sidestep this bar by classifying her petition as a challenge to the *authority* to remove her. She contends that her removal order was not executable because her bona fide determination notice granted her a vested liberty interest in deferred action. This argument "runs headlong into [section] 1252(g)." *Id.* at 1273. The statute bars "any" challenge to the execution of a removal order and "makes no exception for those claiming to challenge the government's authority." *Id.* (internal quotation marks omitted). We may not engraft our own exceptions onto the statutory text, nor may a party "dress up a claim with legal or constitutional clothing to invoke our jurisdiction." *Patel v. United States Att'y Gen.*, 971 F.3d 1258 (11th Cir. 2020) (en banc).

Miranda-Lopez's reliance on *Madu v. United States Att'y Gen.*, 470 F.3d 1362 (11th Cir. 2006), is misplaced. The petitioner in *Madu* argued that the government could not remove him because no removal order existed. 470 F.3d at 1367-68. Section 1252(g) did not block that challenge because the government cannot "execute" an order that does not exist. *Camarena*, 988 F.3d at 1273. By contrast, Miranda-Lopez does not dispute the existence or validity of her removal order. She argues only that a separate regulatory process should be interpreted to block her removal. This argument is an attack on the execution of her removal order, nothing more. Sec-

25-12007                  Opinion of the Court                    5

tion 1252(g) "simply doesn't allow for it," and the district court correctly dismissed the petition for lack of subject-matter jurisdiction. *Id*.

We **AFFIRM** the order dismissing Miranda-Lopez's petition.